UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------
DERRICK JOHNSON,

                                                Plaintiff,

        v.                                              9:02-CV-1277
                                                         (TJM)(DRH)

RICHARD LADUE, *et al.*,

                                                Defendants.
--------------------------------------------------------------------------------

**APPEARANCES:**                            **OF COUNSEL:**

FOR THE PLAINTIFF:

DERRICK JOHNSON
Plaintiff, *pro se*
PO Box 341264
Jamaica, NY 11434

FOR THE DEFENDANTS:

HON. ELIOT SPITZER                    MARIA MORAN, ESQ.
Office of the Attorney General
State of New York
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204

DAVID R. HOMER, U.S. MAGISTRATE JUDGE

# **ORDER**

Presently before the Court is a Motion by Defendants to compel discovery. Docket No. 54. Plaintiff responded to the Motion by requesting a stay of the Motion. Docket No. 62. Defendants have responded to Plaintiff's request for a stay. Docket No. 64.

Defendant's Motion to Compel relates to a Demand for Documents served on the Plaintiff on or about September 13, 2004.  Docket No. 54, Exhibit A.[1]  Also at issue are documents identified by Plaintiff during his deposition on October 4, 2004 that Plaintiff agreed to produce.  Defendants' counsel memorialized these requests in a letter dated October 4, 2004.[2]  *Id.*, Exhibit B.  Defendants allege that they received Plaintiff's response to the Document Demands on January 10, 2005.  *Id.*, Exhibit C.  However, Defendants assert that Plaintiff did not produce any of the requested documents in his response.  Defendants' counsel wrote to Plaintiff, stated that none of the requested documents had been provided, and asked that they be produced by January 27, 2005.  *Id*, Exhibit D.  Plaintiff's response to the January 10, 2005 letter did not result in the production of the requested documents.  *Id.*, Exhibit E.   Defendants filed their Motion to Compel on February 10, 2005.

On May 23, 2005 Plaintiff filed a request with this Court that this Motion to

---

[1] These demands were limited in scope and requested the following:

(1) The Inmate Misbehavior Report(s) issued to plaintiff by Corrections Officer S. Patchen in connection with the search of plaintiff's cell on our about August of 2000 as referenced in paragraph 5(a) of the Amended Complaint.

(2) The letter(s) to which plaintiffs alleges defendant E. Mason failed to respond as referenced in paragraphs 5(f) and 5(j) of the Amended Complaint. *Docket No. 54, Exhibit A*.

[2] The October letter stated, in pertinent part, "... during the deposition today I asked that you please provide me with any correspondence you have from the New York State Department of Correctional Services' Central Office Review Committee ("CORC"), including, *inter alia*, Receipt of Appeal forms and CORC decisions for the following grievances you filed at Watertown Correctional Facility: (1) 10062-00; (2) 10124-01; and (3) 10146-01.  It was your testimony today that you did not appeal Grievances 9996-00 and 10145-01 to the CORC level.  If upon reviewing your documents you find that statement was incorrect, please provide any CORC correspondence for those grievances as well." *Docket No. 54, Exhibit B*.

2

Compel be stayed. Docket No. 62. The basis for the request was that the documents needed to be produced were at the residence of Plaintiff's mother, in the State of Virginia. Further, Plaintiff asserted that the terms of his release restricted his movements, but that he would be able to visit Virginia after the month of May 2005 and retrieve the documents to be produced. *Id.* Defendants' counsel filed a response indicating that they did not oppose Plaintiff's request.

The Court has reviewed plaintiff's responses to Defendants' Document Demands and finds that Plaintiff failed to respond to the specific request set forth in those demands. While Plaintiff did serve a response, and produced documents, those documents are not responsive to the Demands the Defendants served.

In addition, nearly three months have passed since Plaintiff stated he would be able to obtain his documents from Virginia. Further, even if Plaintiff were unable to travel to Virginia, there is no basis for this Court to believe that the documents could not have been mailed to Plaintiff in New York within the past three months. Plaintiff's course of conduct with respect to discovery in this action appears dilatory at best.

Based on the above, the Court hereby orders the Plaintiff to serve on Defendants' counsel, and file with the Court, responses to Defendants' Requests for Production of Documents **on or before September 30, 2005.** In the event Plaintiff has no documents that are responsive to any or all of the demands, he shall serve Defendants' counsel with a letter, signed by Plaintiff, stating that he is not in possession of documents that are responsive to the particular demand(s). In the event that Plaintiff fails to comply with this Order, Defendants may move for the appropriate relief from the Court, including an Order of Preclusion. **Plaintiff is advised that his failure to**

3

**cooperate in discovery in this action may result in sanctions imposed by the Court pursuant to Federal Rule of Civil Procedure 37 including an Order of Preclusion or dismissal of this action.**

Finally, in light of the above, the Court will re-set the dispositive motion filing deadline to November 30, 2005.

WHEREFORE, it is hereby

ORDERED, that Defendants' Motion to Compel (Docket No. 54) is GRANTED. Plaintiff shall respond to the Defendants' discovery requests as set forth in Exhibits A and B of the Motion to Compel, and file a copy of his responses with the Court, on or before **September 30, 2005** and it is further

ORDERED, that Plaintiff's Motion to Stay the motion to compel (Docket No. 62) is DENIED, and it is further

ORDERED, that the dispositive motion filing deadline is re-set for November 30, 2005, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: August 30, 2005

                                                 David R. Homer
                                                 United States Magistrate Judge