**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DERRICK M. JOHNSON,

                    Plaintiff,

    v.                                      No. 02-CV-1277
                                                   (TJM/DRH)

JAMES F. NEWTON, Superintendent of
Watertown Correctional Facility; MR. E. MASON,
Deputy Superintendent of Security at Watertown;
B.F. McAULIFFE, Captain at Watertown
Correctional Facility; MR. LaDUE,[1] Lieutenant at
Watertown Correctional Facility; R. WOODS,
Sergeant at Watertown Correctional Facility; and
S. PATCHEN, Correction Officer at Watertown
Correctional Facility,

                    Defendants.

---

**APPEARANCES:**                          **OF COUNSEL:**

DERRICK M. JOHNSON
Plaintiff Pro Se
Post Office Box 341264
Jamaica, New York 11434

HON. ANDREW M. CUOMO            MARIA MORAN, ESQ.
Attorney General for the                 Assistant Attorney General
   State of New York
Attorney for Defendants
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204-2455

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

---

[1] The Civil Docket incorrectly indicates that Mr. LaDue was terminated from this action on March 3, 2004.  See Docket No. 35 at 12 (terminating Richard LaDue, Senior Investigator for the New York State Police, not Mr. LaDUE, Lieutenant at Watertown Correctional Facility).

**REPORT-RECOMMENDATION AND ORDER**[2]

Plaintiff pro se Derrick M. Johnson ("Johnson"), formerly an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, six DOCS employees, violated his constitutional rights under the First, Eighth, and Fourteenth Amendments. Am. Compl. (Docket No. 7). Presently pending is defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56. Docket No. 72. Johnson has failed to respond to the motion. For the following reasons, it is recommended that defendants' motion be granted.

### I. Failure to Respond

Johnson did not oppose defendants' motion.[3] Johnson was granted two separate extensions but still has failed to respond. Docket Nos. 73-74. "The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996). Even in the absence of a response, defendants are entitled to summary judgment only if the material facts demonstrate their entitlement to judgment as a matter of law. Id.; see also Fed. R. Civ. P. 56(c). Because Johnson has not responded to raise any question of material fact, however, the facts as set forth in defendants' Rule 7.1 Statement of Facts (Docket No. 72) are accepted as true. Adirondack Cycle & Marine, Inc. v. American Honda Motor Co., No.

---

[2] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

[3] Johnson was released from DOCS custody on or about February 24, 2005. See Docket No. 57; see also Defs. Statement of Material Facts (Docket No. 72) at ¶ 1.

Civ. 00-1619, 2002 WL 449757, at *1 (N.D.N.Y. Mar. 18, 2002) (McAvoy, J.) (citing Lopez v. Reynolds, 998 F. Supp. 252, 256 (W.D.N.Y. 1997)).

## II.  Background

Johnson was incarcerated at Watertown Correctional Facility from February 2000 to June 2001.  Defs. Statement of Material Facts (Docket No. 72) at ¶ 2.  On May 22, 2000, defendant LaDue found evidence that Johnson had offered to do legal work for an inmate at another DOCS facility in violation of DOCS regulations.  Id. at ¶ 3.  LaDue filed disciplinary charges against Johnson and directed defendant Patchen to search Johnson's cell, which revealed further evidence of the improper communications and caused Patchen to file an additional disciplinary charge.  Id. at ¶¶ 3-4.  At Johnson's request, defendant Mason voluntarily dismissed the charges.  Id. at ¶ 5.

Johnson thereafter filed numerous grievances against Patchen for, inter alia, harassment, threats, retaliation for his filing of grievances, blocking his entry to the Mosque, and racial profiling.  See Defs. Statement of Material Facts at ¶¶ 6-13, 18 & Exs. C-J, O.  These grievances were investigated by defendants Wood, LaDue, and McAuliffe but were found to be without merit.  Id.  Patchen also filed additional disciplinary charges against Johnson on May 26 and 28, 2001 regarding two incidents between the two in which Johnson refused to obey a direct order and then threatened Patchen.  Id. at ¶¶ 15-16.  Johnson was found guilty of both charges and both findings were affirmed on administrative appeal.  Id. at ¶¶ 15-16.  This action followed.

**III. Standard**

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Facts are material if they may affect the outcome of the case as determined by substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988). When, as here, a party seeks summary judgment against a pro se litigant, a court must afford the non-movant special solicitude. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).[4] However, the mere existence of some alleged factual dispute between the parties will not

---

[4] Nevertheless, Johnson has substantial experience as a pro se litigant, having filed at least eleven other federal actions since 1996. See U.S. Party/Case Index (visited Feb. 7, 2007) <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl>.

4

defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. Anderson, 477 U.S. at 247-48.

### IV.  Discussion

Johnson asserts ten causes of action against all defendants, alleging, inter alia, that they prevented him from freely exercising his religion and retaliated against him for filing grievances in violation of the First, Eight, and Fourteenth Amendments. See Am. Compl. at 7-9.

#### A.  Eleventh Amendment

Johnson's claims against defendants Newton and Mason in their official capacities were previously dismissed. Docket Nos. 35, 38. The remaining defendants now move for judgment as to all claims against them in their official capacities.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "[D]espite the limited terms of the Eleventh Amendment, a federal court [cannot] entertain a suit brought by a citizen against his [or her] own State." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (citing Hans v. Louisiana, 134 U.S. 1, 21 (1890)). Regardless of the nature of the relief sought, in the absence of the State's consent, a suit against the State or one of its agencies or departments is proscribed by the Eleventh Amendment. Halderman, 465 U.S. at 100.

A suit brought against a person in his or her official capacity is to be treated as a suit against the entity represented by that person, provided that the public entity received notice and an opportunity to respond. Brandon v. Holt, 469 U.S. 464, 471-72 (1985). In an official capacity action, a governmental entity is liable under § 1983 only when the entity itself is the "moving force" behind the deprivation. Kentucky v. Graham, 473 U.S. 159, 166 (1985). In other words, "the entity's 'policy or custom' must have played a part in the violation of federal law" for liability to attach. Id. at 166 (citations omitted); Hafer v. Melo, 502 U.S. 21, 25 (1991).

Here, the entity represented by defendants, DOCS, cannot be found liable under § 1983 for the acts of which Johnson complains. Johnson fails to allege or prove that a policy or custom of DOCS contributed in any way to the alleged constitutional deprivations.

Accordingly, it is recommended that defendants' motion be granted as to defendants McAuliffe, LaDue, Woods, and Patchen in their official capacities.

### B. Eighth Amendment

Liberally construed, Johnson's ninth cause of action alleges that his confinement in solitary housing constituted cruel and unusual punishment.

In order to prove that a prison condition amounted to cruel and unusual punishment, a plaintiff must satisfy both an objective and a subjective standard. Jolly v. Coughlin, 76 F.3d 468, 480 (2d Cir. 1996). To satisfy the objective test, a plaintiff must show that the conditions of his confinement resulted "'in unquestioned and serious deprivations of basic human needs.'" Anderson v. Coughlin, 757 F.2d 33, 35 (2d Cir. 1985) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). To satisfy the subjective test, a plaintiff must show

6

that the defendants were deliberately indifferent to plaintiff's health or safety.  See Jolly, 76 F.3d at 480.

Here, Johnson simply contends that being housed in solitary confinement constituted cruel and unusual punishment.  However, "[r]estraints on an inmate do not violate the [Eighth] amendment unless they are totally without penological justification, grossly disproportionate, or involve the unnecessary and wanton infliction of pain."  Horne v. Coughlin, 155 F.3d 26, 31 (2d Cir. 1998).  Johnson has failed to allege, much less demonstrate, that the conditions surrounding his solitary housing rose to the level of an Eighth Amendment violation.

Therefore, it is recommended that defendants' motion for summary judgment on this ground be granted.

### C. First Amendment

#### 1. Retaliation

Johnson contends that Patchen harassed him and filed a false misbehavior report[5] in retaliation for filing grievances.  See Am. Compl. at 4, 5(d), 6(j), 7, 9.  Johnson also contends that defendant Woods retaliated against him for exercising his First Amendment rights.  See id. at 8.

---

[5] Johnson's contention that Patchen's alleged filing of a false misbehavior report constitutes a constitutional claim must fail because he does not challenge the disciplinary hearing itself and the mere allegation that a misbehavior report was false without a challenge to the due process of the subsequent disciplinary hearing fails to state a claim. See Boddie v. Schneider, 105 F.3d 857, 862 (2d Cir. 1997); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986); Jenner v. Curtin, 979 F. Supp. 153, 154 (N.D.N.Y. 1997). Accordingly, any claim against Patchen on this ground should also be dismissed.

7

In order to prevail on a retaliation claim, a plaintiff must first assert that his conduct was constitutionally protected and that this conduct was a "substantial factor" that caused the adverse action against plaintiff. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977). The burden then shifts to the defendant to show that by a preponderance of the evidence, the adverse action would have resulted even in the absence of the protected conduct. Id.; see also Dawes v. Walker, 239 F.3d 489, 492 (2d. Cir. 2001), overruled on other grounds, Swierkiewicz v. Sorema, 534 U.S. 506 (2002). Retaliation claims are actionable because the conduct may tend to chill an individual's exercise of constitutional rights. Dawes, 239 F.3d at 491. However, courts must view retaliation claims with care and skepticism to avoid judicial intrusion into prison administration matters. Id.

Here, Johnson's filings of grievances were clearly assertions of a constitutional right protected by the First Amendment. Graham v. Henderson, 89 F.3d 75, 80 (2d Cir. 1996). Johnson claims that the adverse action which resulted from this conduct was Patchen's repeated harassment and filing of a false misbehavior report. Johnson also contends that Woods, who was assigned to investigate Johnson's complaints, intimidated Johnson's witnesses and "covered up the incident[s]." See Am. Compl. at 4, 6(g). To constitute adverse action, a plaintiff must establish that the action would deter a similarly situated individual from exercising his or her constitutional rights. Dawes, 239 F.3d at 491. It is reasonably possible that other inmates would fail to exercise their constitutional right to file grievances for fear that they would have false misbehavior reports filed against them, be harassed by DOCS employees, and have the actions that resulted in their filing of grievances be covered up. Thus, Johnson's allegations regarding defendants' conduct at

least presents questions of fact as to whether these actions could constitute adverse action. However, Johnson fails to show a causal connection between his filing of grievances and defendants' alleged adverse action. Thus, because Johnson offers only conclusory evidence to support his claim, he has failed to demonstrate a causal connection between the constitutionally protected conduct and the alleged adverse actions. See Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983); see also Bennett v. Goord, 343 F.3d 133, 137 (2d Cir. 2003).

Therefore, it is recommended that defendants' motion for summary judgment as to Johnson's retaliation claims be granted.

### 2. Freedom of Religion

Johnson contends that defendants violated his right to freely exercise his faith under the First Amendment. See Am. Compl. at 8.

"It is well-established that prisoners have a constitutional right to participate in congregate religious services." Salahuddin v. Coughlin, 993 F.2d 306, 308 (2d Cir. 1993). When a plaintiff claims a violation of his religious rights, he must show that the government action substantially burdened his free exercise of that belief. Gill v. DeFrank, No. 98 Civ. 7851 (NRB), 2000 WL 897152, at *1 (S.D.N.Y. July 6, 2000) (citations omitted). "[A] substantial burden exists where the [government] 'put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" Jolly, 76 F.3d at 477 (quoting Thomas v. Review Bd. of the Ind. Employment Sec. Div., 450 U.S. 707, 718 (1981)).

Here, Johnson's sole allegation is that Patchen prevented him from entering a mosque sometime in September 2000. See Am. Compl. at ¶ 6(h). However, Johnson

9

testified during his deposition that on September 8, 2000, Patchen initially blocked the door to a mosque but eventually let him enter. See Docket No. 72, Ex. P at 82-83. Thus, Johnson has failed to prove that defendants substantially burdened his religious rights. Moreover, even assuming that Patchen prevented Johnson from entering a mosque on September 8, his claim must fail because "missing one religious service does not constitute a substantial burden on an inmate's right to the free exercise of his religion." Gill, 2000 WL 897152, at *2 (citation omitted); see also Cancel v. Mazzuca, 205 F. Supp. 2d 128, 142 (S.D.N.Y. 2002) (holding that depriving an imnate of attendance at a single religious service does not state a § 1983 claim under the First Amendment)..

Therefore, defendants' motion for summary judgment as to Johnson's First Amendment free exercise claims should be granted.

### D. Conspiracy

In his amended complaint, Johnson repeatedly alleges that defendants conspired to violate his constitutional rights. Am. Compl. at 7-9. To state a claim for relief under 42 U.S.C. § 1985(3), a plaintiff must show

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States.

Mian v. Donaldson, Lufkin, & Jenrette Securities Corp., 7 F.3d 1085, 1087 (2d Cir.1993). Here, Johnson only makes conclusory allegations of a conspiracy between the defendants and fails to offer any evidence of an agreement or that any two defendants joined together

10

to deprive Johnson of any right.  Thus, Johnson's conspiracy claims must fail.  See Webb v. Goord, 340 F.3d 105, 111 (2d Cir. 2003) (holding that conclusory statements alone cannot support a conspiracy allegation).

Therefore, defendants' motion for summary judgment as to Johnson's conspiracy claims should be granted.

### E. Equal Protection

Liberally construed, Johnson's fifth cause of action alleges that defendants discriminated against him because of his race (African-American) and religion (Muslim) in violation of his equal protection rights under the Fourteenth Amendment.  See Am. Comp. at 8; see also Docket No. 72, Ex. Q at 47.

The Fourteenth Amendment's Equal Protection Clause mandates equal treatment under the law.  Essential to that protection is the guarantee that similarly situated persons be treated equally.  City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).  "In order to establish an equal protection violation, the plaintiffs must show that they were treated differently than other people in similar circumstances and must establish that such unequal treatment was the result of intentional and purposeful discrimination."  Myers v. Barrett, No. Civ. 95-1534(RSP/GJD), 1997 WL 151770, at *3 (N.D.N.Y. Mar. 28, 1997).  In addition, a valid equal protection claim may be brought by a "class of one" "where the plaintiff alleges that she [or he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Neilson v. D'Angelis, 409 F.3d 100, 105 (2d Cir. 2005).

Here, Johnson makes only vague and conclusory allegations that he was denied the equal protection of the laws and thus has failed sufficiently to show an equal protection violation. See De Jesus v. Sears Roebuck & Co., Inc., 87 F.3d 65, 70 (2d Cir. 1996). Equally significant here is that the amended complaint contains no allegation as to which inmates in a similar situation were treated differently than Johnson. Oliver v. Cuttler, 968 F. Supp. 83, 88 (E.D.N.Y. 1997). Johnson has failed to raise any triable question of fact as to this claim.

Therefore, it is recommended that defendants' motion be granted as to Johnson's fifth cause of action.

### F. Qualified Immunity

Defendants also contend that they are entitled to qualified immunity. Qualified immunity generally protects governmental officials from civil liability insofar as their conduct does not violate clearly established constitutional law of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Aiken v. Nixon, 236 F. Supp. 2d 211, 229-30 (N.D.N.Y. 2002) (McAvoy, J.), aff'd, 80 Fed.Appx. 146 (2d Cir. Nov. 10, 2003). A court must first determine that if plaintiff's allegations are accepted as true, there would be a constitutional violation. Only if there is a constitutional violation does a court proceed to determine whether the constitutional rights were clearly established at the time of the alleged violation. Aiken, 236 F. Supp. 2d at 230. Here, the second prong of the inquiry need not be reached because, as discussed supra, accepting all of Johnson's allegations as true, he has not shown that defendants violated his constitutional rights.

Therefore, it is recommended that defendants' motion for summary judgment on this alternative ground be granted.

### V.  Conclusion[6]

For the reasons stated above, it is hereby:

**RECOMMENDED** that defendants' motion for summary judgment (Docket No. 72) be **GRANTED** and the case be terminated.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: February 12, 2007
       Albany, New York

_David R. Homer_
United States Magistrate Judge

---

[6] Defendants also argue that Johnson failed to exhaust the majority of the claims contained in his amended complaint.  See Defs. Mem. of Law (Docket No. 72) at 8-11.  However, as discussed supra, Johnson's claims are without merit.  Thus, there is no need to address defendants' exhaustion argument.

13